# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Case: 1:26-cv-01033
Assigned To : Ali, Amir H.
Assign. Date : 3/25/2026
Description: Pro Se Gen. Civ. (F-DECK)

**SAIT KURMANGALIYEV,**
Plaintiff,

v.

**FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,**
an agency of the United States Department of Transportation,
Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

*(Administrative Procedure Act, 5 U.S.C. §§ 701–706)*

## I. INTRODUCTION

1. This is an action for declaratory and injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706.

2. Plaintiff challenges the Federal Motor Carrier Safety Administration's ("FMCSA") continued maintenance, publication, and reliance on commercial motor vehicle inspection and violation records in federal safety systems—including PSP, SAFER, SMS, ASPEN, and CVIEW—where the originating state agencies have confirmed that no contemporaneous underlying records exist to substantiate or verify the inspections or violations.

3. Despite repeated notice, documentation, and formal written demand, FMCSA has refused to issue a written determination, identify any governing federal authority, or articulate any reliability standard that permits continued federal publication of unverifiable inspection data.

4. FMCSA has instead repeatedly redirected Plaintiff to the DataQs process or to state agencies, even where Plaintiff expressly stated that he was not seeking DataQs reconsideration, but rather a federal determination regarding FMCSA's independent data-integrity obligations.

5. FMCSA's non-response, deflection, and constructive refusal to decide constitute final agency action and/or agency action unlawfully withheld or unreasonably delayed, in violation of the APA.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–706.

7. An actual and justiciable controversy exists under 28 U.S.C. § 2201.

8. Venue is proper in this District under 28 U.S.C. § 1391(e) because Defendant is a federal agency headquartered in Washington, D.C., and the challenged actions and inaction occurred here.

9. No statute precludes judicial review, and no alternative adequate remedy exists.

## III. PARTIES

10. Plaintiff **Sait Kurmangaliyev** is a commercial motor vehicle driver whose professional record, employment prospects, and livelihood are directly affected by FMCSA's federal safety databases.

11. Defendant **Federal Motor Carrier Safety Administration** is an agency of the United States Department of Transportation responsible for maintaining and publishing federal motor carrier safety data relied upon nationwide by employers, insurers, regulators, and industry participants.

## IV. FACTUAL ALLEGATIONS

### *A. FMCSA Publishes and Relies on Federal Safety Records*

12. FMCSA maintains and publishes inspection and violation records in federal systems including PSP, SAFER, SMS, ASPEN, and CVIEW.

13. These records are relied upon by motor carriers, insurers, and third parties to evaluate drivers, assess risk, determine employability, and make adverse decisions affecting drivers' livelihoods.

### *B. Originating Agencies Have Confirmed the Absence of Supporting Records*

14. Plaintiff challenged multiple inspection records through DataQs and pursued state open-records remedies to determine whether contemporaneous underlying records existed.

15. In multiple instances, originating state agencies have confirmed in writing that no contemporaneous underlying records exist to substantiate or independently verify the inspections or violations transmitted to FMCSA, including but not limited to:

a. **Indiana**, where the agency confirmed that no additional responsive records exist beyond the inspection report itself, with no supporting documentation, audio, video, or contemporaneous verification. (see Exhibit A.)

b. **Kansas**, where the agency relied on a generalized "snapshot" rationale while failing to produce any contemporaneous records capable of independently substantiating the inspection. (see Exhibit B.)

c. **Pennsylvania**, where the State Police reversed or altered their position during Office of Open Records review, demonstrating administrative unreliability and inconsistency in the classification, retention, and disclosure of inspection-related records. (see Exhibit C.)

16. These confirmations establish that the inspection and violation records at issue cannot be independently verified or substantiated by contemporaneous underlying evidence.

17. Subsequent DataQs responses (March 2026) further confirm that state agencies continue to deny correction requests without producing any underlying verification data, reinforcing the systemic absence of substantiating records.

### *C. FMCSA's Independent Federal Obligation*

18. Plaintiff does not seek to compel FMCSA to dictate state evidence-retention practices or to recreate state enforcement actions.

19. Rather, Plaintiff challenges FMCSA's independent federal decision to continue maintaining, publishing, and relying upon inspection data after the originating agency confirms that no underlying verifying records exist.

20. Once the absence of verifying records is established, FMCSA's continued publication becomes an independent federal action that directly affects Plaintiff.

21. Federal regulations require inspection data submitted to FMCSA to be accurate, complete, and reliable. See, e.g., 49 C.F.R. §§ 350.201, 350.213.

22. Plaintiff does not challenge the legality or propriety of any individual state enforcement action in this proceeding. This action concerns only FMCSA's independent federal decision to continue maintaining, publishing, and relying upon inspection data in federal safety systems after the originating agency confirms that no contemporaneous verifying records exist.

### *D. FMCSA's FOIA Admission Confirms Record Absence*

23. On February 5, 2026, FMCSA issued a formal response to Plaintiff's Freedom of Information Act request (Exhibit D.) stating that the agency had located responsive records and that such records were "released in their entirety," and further stating: "This is all of the information we have which falls within the scope of your request."

24. The records released by FMCSA consisted solely of carrier registration and application materials and did not include any inspection-level evidentiary records, validation materials, enforcement notes, or documentation substantiating the inspections or violations at issue.

25. FMCSA's FOIA response confirms that the agency does not possess underlying records capable of independently substantiating the inspections or violations it continues to maintain, publish, and rely upon in federal safety systems.

26. FMCSA's continued publication of such data despite acknowledged absence of supporting records constitutes an independent federal action subject to review under the APA.

### *E. FMCSA's Refusal to Decide*

27. Plaintiff formally requested a written determination from FMCSA identifying whether:

a. Inspection records lacking contemporaneous verifying evidence must be removed or voided;

b. FMCSA possesses lawful authority to retain and rely upon such records; or

c. FMCSA applies any policy, annotation, or reliability standard addressing the absence of verifying records.

28. FMCSA did not provide a substantive response.

29. Instead, FMCSA personnel repeatedly referred Plaintiff back to DataQs or to state agencies, despite Plaintiff's express statement that he was not seeking DataQs reconsideration.

30. FMCSA marked Plaintiff's requests as "solved" without addressing the federal data-integrity issue presented.

31. FMCSA's conduct constitutes a constructive refusal to decide, designed to avoid issuing a reviewable agency determination. This refusal constitutes final agency action reviewable under 5 U.S.C. § 704.

## V. CLAIM FOR RELIEF

*(Administrative Procedure Act)*

32. Plaintiff re-alleges and incorporates all preceding paragraphs.

33. FMCSA's failure to issue a written determination regarding its authority and standards for retaining unverifiable inspection records constitutes agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1).

34. FMCSA's continued maintenance and publication of inspection data it knows to be unsupported by underlying records is arbitrary, capricious, an abuse of discretion, and not in accordance with law under 5 U.S.C. § 706(2).

35. FMCSA's refusal to articulate a governing standard or authority deprives Plaintiff of meaningful judicial review.

36. Plaintiff has suffered and continues to suffer concrete harm as a result of FMCSA's actions and inaction, including impairment of employability, income, and professional reputation.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

A. Declare that FMCSA's refusal to issue a written determination regarding unverifiable inspection records violates the APA;

B. Declare that FMCSA may not continue to publish or rely upon inspection records in federal safety systems where the originating agency confirms no contemporaneous verifying records exist, absent identified lawful authority;

C. Order FMCSA to remove or void such unsupported records from PSP, SAFER, SMS, ASPEN, and CVIEW, or, in the alternative, to issue a written, reviewable determination identifying the authority and reliability standard permitting their continued publication;

D. Enjoin FMCSA from continuing the challenged practices;

E. Retain jurisdiction to ensure compliance; and

F. Grant such other relief as the Court deems just and proper.

## VII. JURY DEMAND

37. Plaintiff does not request a jury trial, as this action seeks equitable relief.

**Respectfully submitted,**

/s/ Sait Kurmangaliyev
Sait Kurmangaliyev
8684 20 Ave Apt 2E
Brooklyn, NY 11214
Phone: 929-234-1101
Email: kurmangaliyevsait@yahoo.com

Pro se

Date: March 21, 2026